TYLER *v.* STATE.

(In Banc. Feb. 11, 1946.)

[24 So. (2d) 740. No. 35973.]

**J. D. Boyles, D. R. Johnson** and **J. E. Johnson,** all of Batesville, for appellant.

· **Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

Argued orally by **Jas. B. Boyles**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

This appeal is from a death sentence imposed upon the appellant, Oscar Tyler, for the murder of his wife, Lela May Tyler. The only defense made to the charge is that the accused was insane at the time he inflicted the wounds from which his wife died.

The proof discloses beyond every reasonable doubt that the accused beat his wife to death with the barrel of a double-barrel shotgun, at a time when she was not trying to do him any harm. As an excuse for his act, he claims that on account of certain rumors which had come to him in regard to an alleged illicit relationship between his wife and one George Jones, and which rumors were apparently unfounded, his mind became so disturbed and confused that he did not know what he was doing at the time he was mercilessly beating her to death.

As to whether the defendant had sufficient presence of mind to distinguish between right and wrong, the evidence discloses that he stated to a Mr. Harris during the night of the killing "I reckon I ought to be dead and in hell, I have done killed my wife." He also stated, when his neighbors gathered at the home immediately following her death, and when one of them asked "Oscar, what was the matter with you," that there was nothing the matter "I done what I been intending to do for some time." And, he knew enough to immediately burn the bloody clothing of his wife on learning that she was dead, and to state to his daughter that "If the law comes, tell them I caught her with a man," but which complaint he knew was untrue.

It may be conceded that some of the actions of the defendant within an hour before the commission of the crime appear to have been foolish or irrational, but it appears that immediately before that time he had drunk a quart bottle and two pint bottles of beer, and was searching for his wife in the neighborhood immediately before he found her at home and killed her, the search being made on the theory that he would find her with the said George Jones.

It is unnecessary that we set forth the details of this savagery and brutality, the extent of which he invokes as proof of insanity, but it is sufficient to say that under all of the facts in the case, the jury was warranted in believing from the evidence beyond a reasonable doubt that, even though the proof fails to show that the defendant was drunk at the time of the killing, he had drunk enough beer to cause him to act in an abnormal manner and to want to kill his wife because of the gossip which he claims had been communicated to him; also that he was capable of distinguishing between right and wrong when he committed the crime.

We find no reversible error in the record, and the judgment of the trial court must therefore be affirmed. The 5th day of April, 1946, is hereby fixed as the date for the execution of the death sentence.

Affirmed.